This action is brought by a receiver of the Ætna Insurance Company of Utica, alleging two assessments made upon a premium note given by the defendant. One Eames was originally appointed the receiver of the company, and on the 19th day of February, 1855, he made an assessment of its premium notes. The amount of this assessment upon the defendant's note was $64.57, and this is one ground of the present suit. The validity of this assessment is disputed on three grounds:
First. It is said that it is not made by any regular rule, and that it is unjust and unequal. This is a question of fact, which is not before us upon this appeal. The referee, before whom the cause was tried, finds that Eames, as receiver of this company, made this assessment for losses and expenses for which the maker of this note was liable. He held the assessment invalid, on account of an objection arising as matter of law upon the undisputed facts, which will be presently adverted to, and did not consider how far the objection, that the assessment was unequal, was well founded in fact, nor whether such inequality, if it were shown, would constitute a valid objection in law. It is not our province to examine the evidence and decide the question of fact upon which this question turns, and which has not been passed upon by the court below in any of the stages of this case. Until the question of fact is decided, however, the question of law discussed in the argument *Page 248 
on this branch of the case does not call for any expression of opinion by this court.
The next objection made to the assessment of the receiver, Eames, is, that it includes the expenses of collection. The finding of the referee upon this point is, that the assessment was for expenses for which the note of the defendant was chargeable. There is nothing more in the case upon the point, and I am unable to see how the objection can avail the defendant in that state of the case. But I know of no reason why the legitimate and proper expenses of its collection should not be included in an assessment. There is no other means of providing for such expenses, which are, nevertheless, unavoidable. I am not aware that the power to include such expenses in assessments has ever been denied by the courts, and in Bangs v. Gray (2 Kern., 477), it was impliedly, if not expressly, sanctioned by this court.
The last objection to this assessment, and that upon which the Supreme Court held it invalid, was, that notice of it was not published in accordance with the by-laws of the company in regard to assessments by the directors. The receiver of such a corporation is authorized by statute (Laws of 1852, ch. 71, § 2), to make such assessments as, by the charter thereof, the directors are authorized to make; and notice of any such assessment "may be given in the same manner as is provided in the charter of said company for the directors of said company to give." The charter of this company contains no special provisions in respect to such notice, but authorizes the directors generally to call for payment of the premium notes at such times as the directors may deem requisite. The legislature, however, in 1853, regulated, by general law, the mode of assessing premium notes by the directors of mutual insurance companies. (Laws of 1853, ch. 466.) This statute, as amended in 1854 (Laws of 1854, ch. 369), prescribes the manner and the extent of assessments by such companies upon their premium notes. Its provisions have been considered by the courts in various cases, and have always been held to be controlling, not only as to the amount of the assessment, but *Page 249 
the manner of making it. They are in effect amendments or alterations of the charter or organic law of these companies respectively, and become incorporated in and a part of such organic law. The power of directors, and, therefore, of a receiver, upon the point now under consideration, is to be measured and determined by any such provisions which may effect it, in the same manner as if they had formed a part of the articles of association or charter of this company. This act provides that notice of assessment shall be published in such manner as the directors shall see fit, or as the by-laws shall prescribe. No action can be brought upon such an assessment until after the expiration of thirty days from such publication, nor until personal demand has been made for payment. The Ætna Insurance Company had adopted by-laws which, among other things, regulated the publication of notice of assessments. They directed that notice of assessments should be published in three newspapers printed in Oneida county three weeks successively, the last publication to be thirty days before the time fixed for payment of the assessment. The notice by the receiver, Eames, of his assessment, was published only in two papers, and, therefore, not according to the by-laws of the company. I think such an assessment cannot be sustained. All the requisites of the statute must be complied with before the makers of premium notes can be compelled to pay assessments upon them, and this applies as well to the provisions which relate to the manner, as to those which concern the substance, of the assessment. It is said that the meaning of the statute is, that publication should be made as the by-laws direct, unless the directors order otherwise, and in that case as they see fit; and that the receiver who succeeds them enjoys the same unlimited discretion. This is not, in my judgment, a fair construction. It gives too little force to the by-laws which were thus expressly referred to in the act, which we must suppose were intended by the legislature to be controlling when such by-laws existed and affected the question. The fair import of the act is, that such publication of the assessment must be made as the by-laws *Page 250 
direct, if they contain any direction on the subject; or if they do not, then such as the directors see fit.
The defect in the publication of the assessment made by Eames is not aided by the personal notice which was proved, for two reasons: First, because a personal demand is required by the statute in addition to the notice by publication; and second, because the publication must be made and completed according to the statute and the notice thereby contemplated, thus giving thirty days before the assessment is payable. If a personal notice were claimed as a substitute for or equivalent to notice by publication, it should have been given thirty days before the time of payment and before suit, as the notice by the publication would have been. The personal notice in this case was a demand of payment, which was made on the same day on which the suit was brought.
I am, therefore, of opinion that the assessment made by Eames was invalid, and that upon it this action would not lie. But the conclusion at which I have arrived upon the other questions in the case render this opinion of less importance.
After this assessment had been made, Eames was removed from the receivership, and the present plaintiff appointed in his place. On the 23d of June, 1860, the plaintiff made another assessment. This assessment was general, and it required payment of and assessed every premium note belonging to the corporation to the entire amount due and unpaid thereon, declaring that the same was necessary to pay the debts of the corporation.
It appeared on the trial that the policies and business of the Ætna Insurance Company were distributed into classes. In one of these, designated as farm policies, there had been no losses. In the other divisions, however, described as hazardous risks, the losses had been so large as to require not only the premium notes given for policies of that class, but all the premium notes, and also the stock notes, and the whole assets of the company, to meet them. It is objected to this assessment that it is general, not discriminating between the notes *Page 251 
given for these two classes of policies. The answer to this, so far as the defendant is concerned, is, that his policy was issued and his note given upon the insurance of what is known as a hazardous risk. All the notes of that class would be assessed to their full amount, if the assessment had been made by classes, and the notes of this class charged primarily with the losses on policies of a similar description. As the losses in this one branch of the business of the company were sufficient to absorb all that could be collected from all its notes, it was certainly not material to the defendant that the notes given for farm policies should be separately assessed; nor is it necessary to discuss the rule in ordinary cases. The referee finds as facts that the assessment made by the plaintiff was for losses and for expenses and liabilities accrued while the defendant's note and policy were in force. He also finds that the amount due for losses which accrued in the hazardous department, and which are due and not paid, for the time that the defendant's note and policy were in force, is more than can be collected on the notes of that department which were in force, and were liable for the losses and expenses which accrued during the same period. These facts seem to me to dispose of the theoretical objection to the general assessment made by the plaintiff on the ground of the injustice which might result from such an assessment in cases which could be supposed.
The Supreme Court seem also to have held that the assessment was defective and insufficient, because it did not state the particulars of the assets and debts of the company upon which it was based. I confess that this idea seems to me to be founded upon a misconception of the nature and purpose of what is called an assessment under these laws. The act of the receiver in assessing premium notes is precisely the same as that of the directors in case of losses, which the company has not the ready means to pay, while it is yet solvent. The statutes upon which their action is based (Laws of 1853, ch. 466, § 13; Laws of 1854, ch. 339, § 3) authorize and require the directors, if they find it necessary after ascertaining the amount of a loss *Page 252 
sustained by any member of the company, to "settle and determine the sums to be paid by the several members thereof as their respective portion of such loss, and publish the same;" that is, to publish their determination of the sum to be paid by each member. This is what is meant by an assessment, whether made by directors of a company or by the receiver who succeeds to their powers. It is the determination how much each member of the company shall pay to make good a loss or losses sustained by others. No particular form is requisite for this; nor is it needful, as was held in Bangs v. Duckenfield (18 N.Y., 598), to specify in the assessment the name of the parties bound to contribute, or the amounts of the notes. It is sufficient that the requisition be certain, or such that the parties called upon have the means of reducing it to certainty. It is perfectly true that the assessment must be just and equal, after the rule of proportion laid down by the statute, and that there must be such a state of the assets and liabilities of the company as to justify the call. But it is very clear to my mind that the Supreme Court fell into an error in supposing, as they seem to have done, that all this should or could appear by the assessment itself. That is simply the resolution of the directors, or the act of the receiver, fixing the amount of the liability of the members of the company. It is said that the burden of proof to establish the facts requisite to a valid assessment should be thrown on the receiver or party suing under it. The question of the burden of proof in such cases is the question presented by this objection. It would hardly be conceded by the defendant's counsel that mere statements or recitals in an assessment, or in the preliminary proceedings to it, would be proof; certainly not that they would be conclusive proof of these vital facts. If such recitals and statements were contained in the assessment, or in any of the formal proceedings which resulted in it, the question would still remain, whether the plaintiff was bound to sustain these statements by evidence, or whether the defendant was required to attack and impeach them. But here the referee expressly finds the facts which *Page 253 
are necessary to sustain the assessment, and the objection only comes to this: that these facts are not set out by the receiver in making it. I am certainly of opinion that such an objection should not prevail.
The other points taken by the respondent's counsel have been disposed of by previous decisions of this court.
I, therefore, have reached the result that the assessment made by the present plaintiff is valid and sufficient to sustain this action against the defendant, and that this judgment should be reversed and a new trial ordered.
DENIO, Ch. J., SELDEN and MARVIN, Js., concurred in this opinion, and ROSEKRANS, J., in so much as relates to the effect of personal notice and demand.
Judgment reversed, and new trial ordered.